UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:18-cr-168

        Plaintiff,

   v.                                                                      MEMORANDUM OPINION
                                                                                              AND ORDER

Anthony Robinson,

        Defendant.


                      I.       INTRODUCTION AND BACKGROUND

Defendant Anthony Robinson challenges the issuance of two search warrants which preceded his arrest and indictment in this case. Robinson requests a hearing to challenge the reliability of an alert by a drug detection dog and seeks to suppress all evidence obtained subsequent to that alert. (Doc. No. 66).

On March 19, 2018, law enforcement officers received information concerning suspicious activity occurring at a Red Roof Inn in Toledo, Ohio. (*See* Doc. No. 66-1; Doc. No. 66-2). The following day, officers observed a man exit a rental vehicle, carrying a large box of Ziploc-brand bags in a grocery bag, and enter a room at the Red Roof Inn. A short while later, the man and a woman exited the hotel room carrying "what appeared to be a freezer bag wrapped up inside of a grocery sack." (Doc. No. 66-1 at 3). The man and the woman got into two separate rental vehicles and drove to a United States Post Office location on Bancroft Street in Toledo. At the post office, the woman entered the man's vehicle. Both individuals "appeared to be reaching back over their

1

seats and doing something in the back seat . . . ." (*Id.* at 3-4). The man then exited the vehicle and entered the post office, carrying a box.

At that time, the woman left the post office in her rental vehicle and drove to an Enterprise Rent-A-Car location in Toledo. After the man left the post office, he also drove to Enterprise, where he picked up the woman. The two then returned to the rooms at the Red Roof Inn. Officers determined the vehicle the woman returned had been rented to Sabrina Robinson.

Officers also entered the Bancroft St. post office and inquired about the package the man had dropped off. Upon inspecting the package, officers noticed the package listed Brenda Robinson as the sender and included a return address of 5100 West Central Ave., Toledo, Ohio. Officers determined this return address was in fact the address for Wildwood Preserve Metropark. The package itself was being sent to Sabrina Robinson at an address in Houston, Texas.

A detective with the Toledo Police Department checked the package, along with several other packages of similar size, with a certificated narcotics detection dog named WESPE. (Doc. No. 66-1 at 4). WESPE alerted to the package the man had dropped off and did not alert to any of the other packages. (*Id.*).

Following the alert, officers seized the package and transported it to the Toledo Police Department while they filed an application for a search warrant. Magistrate Judge James R. Knepp, II, approved the search warrant application, and officers recovered approximately one kilogram of fentanyl. On the basis of that discovery, officers sought and received another search warrant, this one for the two rooms at the Red Roof Inn. The search of the hotel rooms uncovered an additional half-kilogram of fentanyl and approximately $8,000 in U.S. currency, and led to the arrests of Robinson and his co-defendants, Barbera Wilson, and Darrius Lewis.

2

## II. DISCUSSION

Robinson contends he should be granted a hearing to challenge the reliability of WESPE's alert by questioning the officers present at the post office. Robinson argues WESPE may have alerted to this particular package because her handler cued her to it and, therefore, he is entitled to a hearing to determine whether WESPE's alert was adequate to support a probable-cause finding.

A defendant seeking to suppress evidence is entitled to a *Franks* hearing if the defendant makes "a substantial showing that the affidavit in support of the warrant at issue included a false statement, made knowingly or intentionally, or with reckless disregard for the truth." *United States v. Cruz*, 715 F. App'x 454, 456 (6th Cir. 2017) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Robinson does not identify precise statements in the search warrant affidavit for the package which he contends are false, though he implies he is entitled to probe any assertions of WESPE's credentials or reliability.

A positive alert by a properly-trained drug detection dog is sufficient to support the belief of a person of "reasonable caution" that evidence of a controlled substance is present in the area searched by the dog. *Florida v. Harris*, 568 U.S. 237, 243 (2013) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)); *see also United States v. Diaz*, 25 F.3d 392, 393-94 (6th Cir. 1994). The government may establish the dog's reliability through evidence of the dog's "satisfactory performance in a certification or training program." *Harris*, 568 U.S. at 246.

The package warrant affidavit indicates WESPE completed a three-week narcotics detection course in October 2012. (Doc. No. 66-1 at 5). WESPE also completed several narcotics detection certification programs, including one in October 2017, approximately six months prior to the events at issue in this case. (*Id.*). Robinson does not dispute these assertions.

As Robinson notes, a defendant "must have an opportunity to challenge . . . evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or

3

expert witnesses." *Harris*, 568 U.S. at 247. *Harris*, however, did not create an exception to the ordinary procedure leading up to a *Franks* hearing. Robinson must make a "substantial showing" that the search warrant for the package was issued at least in part because of the affiant's false statement. *Cruz*, 715 F. App'x at 456. He fails to do so.

Robinson seeks a hearing to determine whether there is "evidence of the dog's or the handler's history in the field . . . [or] circumstances surrounding [this] particular alert [which] may undermine the case for probable cause . . . ." (Doc. No. 66 at 4 (citations and internal quotation marks omitted)). Robinson offers no evidence to substantiate the implication that one or more of the officers present during WESPE's inspection of the package might have some knowledge that the inspection involved some unknown irregularity. Nor does he demonstrate there is reason to think WESPE's field performance history draws Robinson's case outside of the mainstream of cases in which a drug-detection dog's field data does not discredit the "dog's performance in standard training and certification settings." *Harris*, 568 U.S. at 246; *see also id.* ("[I]n most cases[,] a dog's field performance history has "relatively limited import.").

Robinson also contends "it is highly suspicious that 'WESPE' alerted to a package that contained nothing [s]he was trained to find." (Doc. No. 66 at 4). While Robinson seeks to draw the inference that WESPE's alert is not reliable because she was not trained to detect fentanyl, the Supreme Court previously rejected this argument. *Harris*, 568 U.S. at 240-41 (finding probable cause for a search even though the "search did not turn up any of the drugs [the narcotics detection dog] was trained to detect").

Further, the Court noted "[a] detection dog recognizes an odor, not a drug, and should alert whenever the scent is present, even if the substance is gone . . . ." *Harris*, 568 U.S. at 246 n.2. A reviewing court should not conclude a search lacked probable cause simply because the search does not uncover a substance which the dog is trained to detect, as "a well-trained dog's alert establishes a

4

fair probability – all that is required for probable cause – that either drugs or evidence of a drug crime . . . will be found." *Id.*

Judge Knepp's probable-cause finding is entitled to "great deference," *United States v. Williams*, 544 F.3d 683, 685 (6th Cir. 2008), and Robinson fails to identify a basis to set aside that finding.

### III. CONCLUSION

For these reasons, I deny Robinson's request for a hearing and his motion to suppress. (Doc. No. 66).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge